IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>             Plaintiff,<br><br>     v.<br><br>CAPITAL CITY RESTAURANTS, INC., individually and dba TGI FRIDAY's #1726; STEPHEN C. PATTERSON and VIRGINIA ANN PATTERSON, individually and as Trustees of the PATTERSON FAMILY TRUST, dated July 7, 1988,<br><br>             Defendants. | 2:07-cv-1257-GEB-DAD<br><br><u>ORDER RE: SETTLEMENT AND DISPOSITION</u> |

     On September 7, 2007, Plaintiff filed a Notice of Settlement in which he states "the parties have settled this action" and "[d]ispositional documents will be filed within (20) calendar days."  Therefore, a dispositional document shall be filed no later than September 27, 2007.  Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed.  <u>See</u> L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Case 2:07-cv-01257-GEB-DAD   Document 8   Filed 09/11/07   Page 2 of 2

The status conference scheduled for October 1, 2007, is reset for hearing on November 26, 2007, in the event that no dispositional document is filed, or if this action is not otherwise dismissed. Further, a joint status report shall be filed fourteen days prior to the status conference.[1]

IT IS SO ORDERED.

Dated: September 10, 2007

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).